UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND<br><br>Plaintiff,<br><br>v.<br><br>STAMPRETE OF RHODE ISLAND, STAMP CRETE OF RHODE ISLAND, INC. AND STAMPED CONCRETE, INC.<br><br>Defendants, | C.A. No. 04cv11125 NG |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO THE FIRST AND SECOND SETS OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PURSUANT TO F.R.C.P. 37(a)**

This is an action to collect unpaid pension contributions owed to the New England Teamsters and Trucking Industry Pension Fund under the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA").

On April 13, 2005, counsel for the New England Teamsters and Trucking Industry Pension Fund ("the Fund") sent Defendant Stamped Concrete, Inc., by mail, the first set of Interrogatories and Request for Production of Documents (attached hereto). To date, Defendant has not responded.

On May 10, 2005, counsel for the Fund sent all Defendants, by mail, a second set of Interrogatories and Request for Production of Documents (attached hereto).

At the status conference on June 30, 2005, this Court issued an order for Defendants to respond to all outstanding discovery. No responses have been received to date.

Pursuant to 37(a)(4), a party whose conduct necessitated a motion under 37(a) is liable for the reasonable expenses of the motion. Further, Rule 37(d) of the Federal Rules of Civil Procedure provide in pertinent part, as follows:

> If a party...fails...(2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories..., the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others, it may take any action authorized under subparagraphs (a), (b) and (c) of subdivision (b)(2) of this Rule.

Subsection (b)(2)(B) of Rule 37 provides that the court in which the action is pending may make such orders in regard to the failure as are just, including

> (D) "…[a]n order treating as contempt of court the failure to obey any orders except an order to submit to a physical or mental examination..."

The Defendant has failed to respond to outstanding discovery as required by the Federal Rules of Civil Procedure and as ordered by this Court. Because the Defendants failure to respond, the Plaintiff is unable to complete discovery in this action including the taking of the final deposition. The Court should determine that the Defendant be compelled to answer all outstanding discovery within .

For all the foregoing reasons, this motion should be allowed, and the Court should enter an Order:

1. granting the Plaintiff's Motion to Compel and ordering Defendants to respond in no less than seven days;
2. ordering Defendants reimburse to the plaintiff the cost of preparing this motion;
3. granting any other relief which this Court may deem just.

Date:  July 22, 2005                           Respectfully submitted,

                                               For the Plaintiff,
                                               CHARLES LANGONE, FUND MANAGER,
                                               By his Attorney,

                                               /S/ Catherine M. Campbell
                                               Catherine M. Campbell, BBO #549397
                                               Feinberg, Campbell & Zack, P.C.
                                               177 Milk Street
                                               Boston, MA 02109
                                               (617) 338-1976


Local Rule 37.1 Certification

I certify that I have complied with Local Rule 37.1.

                                               /S/ Catherine M. Campbell
                                               Catherine M. Campbell