UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND<br><br>Plaintiff,<br><br>v.<br><br>STAMPRETE OF RHODE ISLAND, STAMP CRETE OF RHODE ISLAND, INC. AND STAMPED CONCRETE, INC.<br><br>Defendant, | C.A. No. 04cv11125 NG |

**PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STAMPED CONCRETE, INC.**

Pursuant to the Federal Rules of Civil Procedure 30 and 34, Plaintiff hereby submits the following interrogatories and document requests to Defendant, said documents to be produced for inspection and copying at the office of Plaintiff's counsel, Feinberg, Campbell & Zack, PC, 177 Milk Street, Boston MA 02109, on or before the expiration of the thirtieth (30th) day from the date of this request.

**I. Definitions and Instructions**

As used in Section II below, all terms are to be accorded their definitions as provided in Local Rule 26.5(c).

1. The term "Defendant" as used herein refers to Stamped Concrete, Inc.

2. The term "Plaintiff" or "Fund" as used herein refers to The New England Teamsters and Trucking Industry Pension Fund, its trustees, Fund Manager and agents, servants, employees, and attorneys.

3. *Document.* The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. *Identify.* When referring to a person or entity, "to identify" means to give, to the extent known, the person's or entity's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. Once a person or entity has been identified in accordance with this subparagraph, only the name of that person or entity need be listed in response to subsequent discovery requesting the identification of that person or entity.

5. *Identify* (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the

   (a)   type of document;

   (b)   general subject matter;

   (c)   date of the document; and

   (d)   author(s), addressee(s), and recipient(s).

6. *Parties.* The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7. *Person*. The term person is defined as any natural person or any business, legal, or governmental entity or association.

8. All documents produced shall be segregated and identified according to the numbered document request, which they are primarily responsive.

9. As to each document requested which is withheld by Defendant under a claim of privilege or other rule protecting against disclosure, Defendants are directed to identify the document as follows:

   a)   State the paragraph number (and subparagraph number where applicable) of the request wherein the document is described;

   b)   Set forth the date of the document;

   c)   State the name, address (if known), and title or position of each addressor, addressee, recipient and drafter of the document;

    d)       Describe the type of document (e.g., memo, letter);

    e)       Describe the general subject matter of the document;

    f)       State the name and address of each present custodian of the document;

    g)       State the specific basis for your claim that the document is privileged or otherwise protected against disclosure.

10. As to each document requested which has been destroyed or lost, Defendants are directed to identify and describe same and to state the following:

    a)       The date the document was prepared and the date upon which it was destroyed or lost;

    b)       The location of all copies of the document;

    c)       The names, employment positions and addresses of the authors and/or preparers of the document;

    d)       The name of the authorized custodian or the other person having responsibility for the loss of the document;

    e)       If the document was destroyed, the reason for its destruction and the paragraph number of the request to which production of the document would have been responsive.

## II. **INTERROGATORIES AND DOCUMENT REQUESTS**

1. State the full name, home address, position or title, duties and length of association or affiliation with Defendant of the person signing interrogatory answers.

2. Produce federal and state tax returns including all attachments and schedules from 1999 to date.

3. Produce any and all of Defendant's financial statements, audited or unaudited from the inception of the corporation to date.

4. Produce Articles of Incorporation, corporate minutes, bylaws and all filings made with the Secretary of State of Connecticut from the inception of the corporation to date.

5. Identify by the name, address and job description of each of Defendant's employees, supervisors and managers from the inception of the corporation to date.

6. Identify the name and address all customers, jobs and/or projects performed by Defendant from the date of inception of the corporation to date including in your answer the dates of all jobs and/or projects.

7. Produce Defendant's general ledger or other records indicating all accounts payable and receivable from the inception of the corporation to date.

8. Identify all loans, gifts or other distributions including salaries paid by Defendant to its officers, directors and shareholders, owners and family members of the same including dates, amounts and repayment of such transactions from the inception of the corporation to date.

9. Produce all documents relating to the foregoing interrogatory.

10. Describe Defendant's financial and/or business relationship to C. Pezza & Son, Inc., including but not limited to a common place of business, common employees, common payroll services, common accounting and/or bookkeeping services, common bank accounts, common use of utilities including phone, fax and leases of commercial space and equipment.

11. Produce all documents relating to the foregoing interrogatory.

12. Describe Defendant's financial or business relationship to Stamprete of Rhode Island, Inc. including but not limited to a common place of business, common employees, common payroll services, common accounting and/or bookkeeping services, common bank accounts, common use of utilities including phone, fax and leases of commercial space and equipment.

13. Produce all documents relating to the foregoing interrogatory.

14. Describe Defendant's financial or business relationship to Stamp Crete of Rhode Island, Inc., including but not limited to a common place of business, common employees, common payroll services, common accounting and/or bookkeeping services, common bank accounts, common use of utilities including phone, fax and leases of commercial space and equipment.

15. Produce all documents relating to the foregoing interrogatory.

16. Describe Defendant's financial or business relationship to Pezza Equipment Corporation including but not limited to a common place of business, common employees, common payroll services, common accounting and/or bookkeeping services, common bank accounts, common use of utilities including phone, fax and leases of commercial space and equipment.

17. Produce all documents relating to the foregoing interrogatory.

18. Describe Defendant's financial or business relationship to LCP Corporation including but not limited to a common place of business, common employees, common payroll services, common accounting and/or bookkeeping services, common bank accounts, common use of utilities including phone, fax and leases of commercial space and equipment.

19. Produce all documents relating to the foregoing interrogatory.

20. Produce all documents identify all vehicles and equipment owned, leased or otherwise used by Defendant from the inception of the corporation to date.

21. Produce any and all contracts or agreements of any sort between Defendant and any of the following entities: C. Pezza and Sons, Inc., Stamprete of Rhode Island, Inc., Pezza Equipment, Inc., Stamp Crete of Rhode Island, Inc. and LCP Corporation.

22. Identify, by name, position and address, each witness you will call to testify in this proceeding and further identify those witnesses, if any, who will be called as expert witnesses.

23. With respect to the individuals identified in your answer to Interrogatory No. 14, state the facts and, in the case of expert witnesses, the opinions to which each witness will testify.


Dated:  April 13, 2005	Respectfully submitted,

	Catherine M. Campbell
	BBO #549397629444
	Feinberg, Campbell & Zack, P.C.
	177 Milk Street
	Boston, MA 02109
	(617) 338-1976


	_____
	Attorney for Plaintiff


Certificate of Service

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this day by U.S. first-class mail to Bruce E. Thompson, Esq., Casey and Thompson, PC, 8 North Main Street, Suite 204, Attleboro, MA 02703.


Date: April 13, 2005	_____
	Catherine M. Campbell