UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARLES LANGONE, as FUND MANAGER | ) | |
| of the NEW ENGLAND TEAMSTERS AND | ) | |
| TRUCKING INDUSTRY PENSION FUND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04cv11125 NG |
| v. | ) | |
| | ) | |
| STAMPRETE OF RHODE ISLAND, STAMP | ) | |
| CRETE OF RHODE ISLAND, INC. | ) | |
| AND STAMPED CONCRETE, INC. | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANTS STAMPRETE OF RHODE ISLAND, STAMP CRETE
OF RHODE ISLAND, INC. AND STAMPED CONCRETE, INC.**

Pursuant to the Federal Rules of Civil Procedure 30 and 34, Plaintiff hereby submits the

following interrogatories and document requests to Defendant, said documents to be produced

for inspection and copying at the office of Plaintiff's counsel, Feinberg, Campbell & Zack, PC,

177 Milk Street, Boston MA 02109, on or before the expiration of the thirtieth (30th) day from

the date of this request.

## I. Definitions and Instructions

As used in Section II below, all terms are to be accorded their definitions as provided in

Local Rule 26.5(c).

1.   The term "Defendants" as used herein refers to Stamprete of Rhode Island, Stamp Crete

of Rhode Island, Inc. and Stamped Concrete, Inc.

2.   The term "Plaintiff" or "Fund" as used herein refers to The New England Teamsters and Trucking Industry Pension Fund, its trustees, Fund Manager and agents, servants, employees, and attorneys.

3.   *Document.*   The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

4.   *Identify.*   When referring to a person or entity, "to identify" means to give, to the extent known, the person's or entity's full name, present or last known address, and when referring to a natural person, the present or last known place of employment.  Once a person or entity has been identified in accordance with this subparagraph, only the name of that person or entity need be listed in response to subsequent discovery requesting the identification of that person or entity.

5.   *Identify* (With Respect to Documents).  When referring to documents, "to identify" means to give, to the extent known, the

> (a)   type of document;
>
> (b)   general subject matter;
>
> (c)   date of the document; and
>
> (d)   author(s), addressee(s), and recipient(s).

6.   *Parties.*   The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7.   *Person.*   The term person is defined as any natural person or any business, legal, or governmental entity or association.

8.   *State the Basis.** When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

> (a)  identify each and every document (and where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;
>
> (b)  identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

*Uniform Definitions in Discovery Requests, Local Rule 2.06 (c)(8)

9. All documents produced shall be segregated and identified according to the numbered document request, which they are primarily responsive.

10. As to each document requested which is withheld by Defendants under a claim of privilege or other rule protecting against disclosure, Defendants are directed to identify the document as follows:

   a) State the paragraph number (and subparagraph number where applicable) of the request wherein the document is described;

   b) Set forth the date of the document;

   c) State the name, address (if known), and title or position of each addressor, addressee, recipient and drafter of the document;

   d) Describe the type of document (e.g., memo, letter);

   e) Describe the general subject matter of the document;

   f) State the name and address of each present custodian of the document;

   g) State the specific basis for your claim that the document is privileged or otherwise protected against disclosure.

11. As to each document requested which has been destroyed or lost, Defendants are directed to identify and describe same and to state the following:

   a) The date the document was prepared and the date upon which it was destroyed or lost;

   b) The location of all copies of the document;

   c) The names, employment positions and addresses of the authors and/or preparers of the document;

3

    d)      The name of the authorized custodian or the other person having responsibility for the loss of the document;

    e)      If the document was destroyed, the reason for its destruction and the paragraph number of the request to which production of the document would have been responsive.

## II.    INTERROGATORIES AND DOCUMENT REQUESTS

1.  State the full name, home address, position or title, duties and length of association or affiliation with each Defendant of the person or persons signing interrogatory answers.

2.  Produce all documents relating to the foregoing interrogatory.

3.  State the basis of your denial to Paragraphs 1, 2, 3, 4 and 6 of the Complaint as stated in Paragraph 1 of your Answer.

4.  Produce all documents relating to the foregoing interrogatory.

5.  State the basis of your denial to Paragraphs 8, 9, 10 of the Complaint as stated in Paragraph 4 of your Answer.

6.  Produce all documents relating to the foregoing interrogatory.

7.  State the basis of your denial to Paragraphs 13 and 14 of the Complaint as stated in Paragraph 7 of your Answer.

8.  Produce all documents relating to the foregoing interrogatory.

9.  State the basis of your denial to Paragraphs 16, 17, 18, and 19 of the Complaint as stated in Paragraph 8 of your Answer.

10. Produce all documents relating to the foregoing interrogatory.

11. State the basis of your denial to Paragraphs 24, 25, 26 and 27 of the Complaint as stated in Paragraph 13 of your Answer 6.

12. Produce all documents relating to the foregoing interrogatory.

13. State the basis of your denial to Paragraphs 29 and 30 of the Complaint as stated in Paragraph 15 of your Answer.

14. Produce all documents relating to the foregoing interrogatory.

15. State the basis of each of the Affirmative Defenses stated in your Answer.

16. Produce all documents relating to the foregoing interrogatory.


Dated:  May 10, 2005                    Respectfully submitted,

                                        Catherine M. Campbell
                                        BBO #549397629444
                                        Feinberg, Campbell & Zack, P.C.
                                        177 Milk Street
                                        Boston, MA 02109
                                        (617) 338-1976


                                        _____
                                        Attorney for Plaintiff


<u>Certificate of Service</u>

        I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be
mailed this day by U.S. first-class mail to Bruce E. Thompson, Esq., Casey and Thompson, PC, 8
North Main Street, Suite 204, Attleboro, MA 02703.

                                        _____
Date: May 10, 2005                      Catherine M. Campbell


5