UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER ) <br> of the NEW ENGLAND TEAMSTERS AND ) <br> TRUCKING INDUSTRY PENSION FUND ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STAMPRETE OF RHODE ISLAND, STAMP ) <br> CRETE OF RHODE ISLAND, INC. ) <br> AND STAMPED CONCRETE, INC. ) <br> ) <br>       Defendants, ) <br> _____) | C.A. No. 04cv11125 NG |

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO PLANTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PURSUANT TO F.R.C.P. 37(a)(3)</u>**

      This is an action to collect unpaid pension contributions owed to the New England Teamsters and Trucking Industry Pension Fund under the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). In short, Plaintiff seeks further responses to five discovery requests which were evasive or incomplete.

      On April 13, 2005, counsel for the New England Teamsters and Trucking Industry Pension Fund ("the Fund") sent Defendant Stamped Concrete, Inc., by mail, Requests for Interrogatories and Request for Production of Documents. When responses were not sent, Plaintiffs moved to Compel answers to the discovery on July 22, 2005. An Order was issued on August 10, 2005 by Magistrate Dein ordering responses be sent within fourteen days of the Order. Responses were mailed to Plaintiff's counsel on August 23, 2005. Just prior to the status conference of this matter on September 8, 2005, Counsel for the parties discussed the case. Plaintiff's counsel requested that additional responses to Questions Nos. 4, 6, 7, 8, and 9 be provided. The discussion lasted for

approximately ten minutes. Plaintiff's Counsel understood that additional information and documents would be provided. A letter confirming the specifics of the request was sent to counsel on September 8. (See Attached) When further responses were not provided, a letter was sent on September 21, 2005. (See Attached). The requests were briefly discussed at the deposition of Michael Pezza on September 22, 2005. Plaintiff's counsel understood that further responses would be forthcoming or at the very least that Defendants' Counsel would contact her on Monday, September 26, 2005 to discuss the matter further. Plaintiff's counsel has not been contacted nor have the additional responses provided. Finally, Defendant's counsel received a faxed copy of Plaintiff's Motion to Extend the Time to File Motions for Summary Judgment on Friday October 7 indicating that the motion would be filed the following week. In that Motion, Plaintiff specifically stated that it would seek to compel further responses upon filing of the Motion. Plaintiff's efforts to resolve the matter have met the requirements of Local 37.1.

    C. Pezza & Son, Inc. (Pezza), a Rhode Island corporation, was a long time contributing employer in the Fund pursuant to collective bargaining agreements with Teamsters Local Union 251. In 2002, Pezza became delinquent in the payment of its contributions and a Judgment was entered in the amount of $54,862.42 by this Court (C.A. No. 02cv11815 NG). In an attempt to collect the contributions, Plaintiff uncovered and has attempted to untangle a complicated series of transfers of assets and employees between a number of corporations that are the current defendants in this action. Stamprete of Rhode Island, Stamp Crete of Rhode Island, Inc. and Stamped Concrete, Inc. were or are all owned in whole or in part by Leonard Pezza, the President and shareholder of C. Pezza and Son, Inc. Mr. Pezza's wife, daughters and son have been or are presently employees, shareholders and at times officers in these shifting but related entities. The discovery at issue involves Stamped Concrete, Inc. which is apparently the last defendant

corporation now operating.  Plaintiff claims that Stamped Concrete, Inc. is an alter ego or successor of C. Pezza and/or each of the other various defendants in this action.  Stamped Concrete claims to be an unrelated corporation over which this court does not have jurisdiction.

In determining whether a "non signatory" corporation is an alter ego of a signatory corporation for purposes of determining whether the non signatory is liable for payment of benefit contributions, the First Circuit has looked to a variety of factors including "continuity of ownership, similarity of the two companies in relation to management, business purpose, operation, equipment, customers, supervision, and anti-union animus."  *Massachusetts Carpenters Central Collection Agency v. Belmont Concrete Corporation et al.* 139 F.3d 304, 308 (1st Cir. 1998).

The discovery sought by Plaintiff speaks precisely to these factors in order to determine whether Stamped Concrete, Inc. is indeed an alter ego of Stamp Crete, Stamprete and C.Pezza.  The questions and responses at issue are as follows:

> Question No. 4:  Produce Articles of Incorporation, corporate minutes, bylaws and all filings made with the Secretary of State of Connecticut from the inception of the corporation to date.
>
> Answer No. 4: Attached are copies of the Articles of Incorporation and By Laws.  Objection to remainder.  Immaterial.

Defendant has refused to produce state filings and corporation minutes.  The request for this additional information is relevant to determine ownership and management of the corporation.  For example, deposition testimony indicated a sale of the corporation sometime in 2005.  This information should be reflected in the corporate minutes.  *Id.*

> Question No. 6: Identify the name and address all customers, jobs and/or projects performed by Defendant from the date of inception of the corporation to date including in your answer the dates of all jobs and/or projects.
>
> Answer No. 6: (a) Diamond Hill Self Storage, LLC, 1700 Diamond Hill Road, Woonsocket, Rhode Island (b) The remaining jobs are generally small residential concrete installation

projects. The listing of names and addresses of all the customers would be burdensome and irrelevant.

Again, Defendant's responses are summary and incomplete. Plaintiff seeks the names and address of all customers and/or projects. This category is listed as a relevant factor in an alter ego analysis by the First Circuit case. *Id.* As Stamped Concrete was incorporated in June 2003, such a request should not be overly burdensome.

> Question No. 7: Produce Defendant's general ledger or other records indicating all accounts payable and receivable from the inception of the corporation to date.

> Answer No. 7: Objection. Irrelevant. Privileged. Without waiving the objection, these are generally no receivables because the jobs are paid on completion. There is a balance owed by Diamond Hill Self Storage, LLC.

Defendant's answer is incomplete. Plaintiff seeks financial documentation such as Stamped Concrete, Inc.'s general ledger and accounts as this is necessary to determine the operations of the company. *Id.* There is no privilege that attaches to this information.

> Question No. 8: Identify all loans, gifts or other distributions including salaries paid by Defendant to its officers, directors and shareholders, owners and family members of the same including dates, amounts and repayment of such transactions from the inception of the corporation to date.

> Answer No. 8: A loan was made by me. I have not received a salary. Michael Pezza has now received earnings. Cynthia Mansolillo and Cheryl Greco received salaries until November 2004.

> Question No. 9: Produce all documents relating to the foregoing interrogatory.

> Answer No. 9: Objection. Irrelevant.

In Questions 8 and 9, Plaintiff seeks information regarding corporate payments of any kind made to the shareholders, officers etc. of Stamp Crete, Inc. and their family members. Plaintiff seeks to clarify the management and ownership relationship of the potential alter ego corporations as there is evidence of significant overlap. *Id.* Defendants' answers generally describe payments,

4

however, the response is incomplete as it does not include dates, amounts and or repayments as requested. Documentary evidence of such payments is certainly not irrelevant.

For the foregoing reasons, Plaintiff requests an Order:

1. Ordering defendants to provide further answers to Questions 4, 6, 7, 8 and 9 within ten (10) days of its Order;

2. Ordering Defendants reimburse to the plaintiff the cost of preparing this motion;

3. Granting any other relief which this Court may deem just.

Date: October 12, 2005                     Respectfully submitted,

                                           For the Plaintiff,
                                           CHARLES LANGONE, FUND MANAGER,
                                           By his Attorney,

                                           /S/ Catherine M. Campbell
                                           Catherine M. Campbell, BBO #549397
                                           Feinberg, Campbell & Zack, P.C.
                                           177 Milk Street
                                           Boston, MA 02109
                                           (617) 338-1976


Local Rule 37.1 Certification

I certify that I have complied with Local Rule 37.1.

                                           /S/ Catherine M. Campbell
                                           Catherine M. Campbell