UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHARLES LANGONE, as FUND MANAGER | ) | |
| of the NEW ENGLAND TEAMSTERS AND | ) | |
| TRUCKING INDUSTRY PENSION FUND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 04cv11125 NG |
| v. | ) | |
| | ) | |
| STAMPRETE OF RHODE ISLAND, STAMP | ) | |
| CRETE OF RHODE ISLAND, INC. | ) | |
| AND STAMPED CONCRETE, INC. | ) | |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS**

This is the third time that Plaintiff has been forced to seek court action in order to obtain

discovery that it is clearly entitled to under the federal rules.  On April 13, 2005, counsel for the

New England Teamsters and Trucking Industry Pension Fund ("Plaintiff") sent Defendant

Stamped Concrete, Inc. ("Defendant"), by mail, Requests for Interrogatories and Request for

Production of Documents.  When responses were not sent, Plaintiffs moved to Compel answers

to the discovery on July 22, 2005.  An Order was issued on August 10, 2005 by Magistrate Dein

ordering responses be sent within fourteen days of the Order.  Responses were mailed to

Plaintiff's counsel on August 23, 2005.

Thereafter, Plaintiff's counsel requested that additional responses to Questions Nos. 4, 6,

7, 8, and 9 be provided, as the responses were incomplete.  Defendant failed to provide the

requested information, and another Motion to Compel was filed by Plaintiff on October 12,

2005.  The Court granted the Plaintiff's Motion to Compel on November 1, 2005 and ordered the

Defendant to provide the supplemental discovery within fourteen (14) days of the order.

Plaintiff's attorney has contacted the attorney for the Defendant on several occasions and

requested that the discovery be provided.  The Defendant has not provided the requested

information.  Plaintiff's efforts to resolve the matter have met the requirements of Local Rule

37.1.

Federal Rule of Civil Procedure 37(b)(2) provides that is a party fails to obey an order to

provide discovery, the court in which the action is pending may make such orders as:

(A)    An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B)    An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting a party from introducing designated matters into evidence;

(C)    An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

In lieu of any of the foregoing orders or in addition thereto, the court shall require the

party failing to obey the order or the attorney advising that party or both to pay reasonable

expenses, including attorney's fees, caused by the failure . . . Fed. R. Civ. P. 37(b)(2).  As this is

the third time that Plaintiff has been forced to seek court action in order to obtain discovery that

it is clearly entitled to under the federal rules, sanctions are clearly merited in this case.

By way of background, C. Pezza & Son, Inc. (Pezza), a Rhode Island corporation, was a

long time contributing employer in the Fund pursuant to collective bargaining agreements with

Teamsters Local Union 251.  In 2002, Pezza became delinquent in the payment of its

contributions and a Judgment was entered in the amount of $54,862.42 by this Court (C.A. No. 02cv11815 NG).   In an attempt to collect the contributions, Plaintiff uncovered and has attempted to untangle a complicated series of transfers of assets and employees between a number of corporations that are the current defendants in this action.   Stamp Crete of Rhode Island, Inc. ("Stamp Crete") and Defendant Stamped Concrete, Inc. were or are owned in whole or in part by Leonard Pezza, the President and shareholder of C. Pezza and Son, Inc.   Mr. Pezza's wife, daughters and son have been or are presently employees, shareholders and at times officers in these shifting but related entities.   The discovery at issue involves Stamped Concrete, Inc. which is apparently the last defendant corporation now operating.   Plaintiff claims that Stamped Concrete, Inc. is an alter ego or successor of C. Pezza and/or each of the other various defendants in this action.

The discovery sought by Plaintiff is necessary to determine whether Stamped Concrete, Inc. is indeed an alter ego of Stamp Crete and C. Pezza.   The questions and responses at issue are as follows:

> Question No. 4:  Produce Articles of Incorporation, corporate minutes, bylaws and all filings made with the Secretary of State of Connecticut from the inception of the corporation to date.
>
> Answer No. 4: Attached are copies of the Articles of Incorporation and By Laws. Objection to remainder.  Immaterial.

Defendant refused to produce state filings and corporation minutes.  The request for this additional information is relevant to determine ownership and management of the corporation. Accordingly, Plaintiff seeks an Order preventing the Defendant from introducing any evidence to show that the ownership and management of Defendant Stamped Concrete were different than that of Stamp Crete or C. Pezza.

Question No. 6: Identify the name and address all customers, jobs and/or projects performed by Defendant from the date of inception of the corporation to date including in your answer the dates of all jobs and/or projects.

Answer No. 6: (a) Diamond Hill Self Storage, LLC, 1700 Diamond Hill Road, Woonsocket, Rhode Island (b) The remaining jobs are generally small residential concrete installation projects. The listing of names and addresses of all the customers would be burdensome and irrelevant.

Again, Defendant's responses were summary and incomplete. Plaintiff was entitled to the names and address of all customers and/or projects. Accordingly, Plaintiff seeks an Order preventing the Defendant from introducing any evidence to show that the jobs and projects of Defendant Stamped Concrete were different than that of Stamp Crete or C. Pezza.

Question No. 7: Produce Defendant's general ledger or other records indicating all accounts payable and receivable from the inception of the corporation to date.

Answer No. 7: Objection. Irrelevant. Privileged. Without waiving the objection, these are generally no receivables because the jobs are paid on completion. There is a balance owed by Diamond Hill Self Storage, LLC.

Defendant's answer is incomplete. Plaintiff seeks financial documentation such as Stamped Concrete, Inc.'s general ledger and accounts, as this is necessary to determine the operations of the company. Accordingly, Plaintiff seeks an Order preventing the Defendant from introducing any evidence to show that the operations of Defendant Stamped Concrete were different than that of Stamp Crete or C.Pezza.

Question No. 8: Identify all loans, gifts or other distributions including salaries paid by Defendant to its officers, directors and shareholders, owners and family members of the same including dates, amounts and repayment of such transactions from the inception of the corporation to date.

Answer No. 8: A loan was made by me. I have not received a salary. Michael Pezza has now received earnings. Cynthia Mansolillo and Cheryl Greco received salaries until November 2004.

Question No. 9: Produce all documents relating to the foregoing interrogatory.

Answer No. 9: Objection. Irrelevant.

4

In Questions 8 and 9, Plaintiff seeks information regarding corporate payments of any kind made to the shareholders, officers etc. of Stamp Crete, Inc. and their family members. Plaintiff seeks to clarify the management and ownership relationship of the potential alter ego corporations as there is evidence of significant overlap. Defendants' answers generally describe payments, however, the response is incomplete as it does not include dates, amounts and or repayments as requested. Accordingly, Defendant's failure to respond to this request also supports an Order preventing the Defendant from introducing any evidence to show that the ownership and management of Defendant Stamped Concrete were different than that of Stamp Crete or C.Pezza.

Wherefore, Plaintiff moves the Court for sanctions against Defendant pursuant to Fed. R. Civ. P. 37(b)(2). Plaintiff's seek an Order preventing the Defendant from introducing any evidence:

(1) to show that the ownership and management of Defendant Stamped Concrete were different than that of Stamp Crete or C.Pezza.

(2) to show that the jobs and projects of Defendant Stamped Concrete were different than that of Stamp Crete or C.Pezza.

(3) to show that the operations of Defendant Stamped Concrete were different than that of Stamp Crete or C.Pezza.

(4) and ordering Defendant to pay $763.75 to Plaintiff as reasonable costs and fees associated with the both of the Motions to Compel this discovery. (See attached Affidavit of Catherine M. Campbell).

5

Respectfully submitted,

For the Plaintiff,
CHARLES LANGONE, FUND MANAGER,
By his Attorney,

/S/ Catherine M. Campbell
Catherine M. Campbell
BBO #549397
Renee J. Bushey
BBO #629444
Feinberg, Campbell & Zack, P.C.
177 Milk Street
Boston, MA   02109
(617) 338-1976

Certificate of Service

I, Catherine M. Campbell, do hereby certify that on this date, I served the foregoing by first-class mail upon Bruce E. Thompson, Esq., Casey & Thompson, P.C., 8 North Main Street, Attleboro, MA 02703.

/S/ Catherine M. Campbell
Catherine M. Campbell

Dated: March 14, 2006

Local Rule 37.1 Certification

I certify that I have complied with Local Rule 37.1.  I made phone calls to Attorney Bruce Thompson and left messages regarding discovery on February 27, 2006, March 6, 2006 and March 9, 2006.  He did not respond.

Dated: March 14, 2006                    /S/ Renee J. Bushey
                                         Renee J. Bushey

6