UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER ) <br> of the NEW ENGLAND TEAMSTERS AND ) <br> TRUCKING INDUSTRY PENSION FUND ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STAMPRETE OF RHODE ISLAND, STAMP ) <br> CRETE OF RHODE ISLAND, INC. ) <br> AND STAMPED CONCRETE, INC. ) <br> ) <br> Defendants, ) <br> _____) | C.A. No. 04cv11125 NG |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

I.  INTRODUCTION

This is an action for the collection of delinquent contributions pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et seq. as amended by the Multi-Employer Pension Plan Amendment Act. 29 U.S.C. §1381 et seq. brought on behalf of the New England Teamsters and Trucking Industry Pension Fund ("Fund" or "Plaintiff").  This motion for summary judgment involves Stamped Concrete, Inc. (Stamped Concrete") which is the last defendant corporation now operating.  Plaintiff claims that Stamped Concrete is an alter ego or successor of C. Pezza & Son, Inc. ("C. Pezza") and Stamp Crete of Rhode Island ("Stamp Crete").

II.  PARTIES

Plaintiff hereby dismisses its claims against Defendant *Stamprete* of Rhode Island, as a misnomer.  Facts, ¶ 7. Also, Plaintiff's attorney received notice that *Stamp Crete* of Rhode Island is in a state court supervised receivership proceeding, so Plaintiff cannot take any further

action on its claims against Stamp Crete of Rhode Island. Accordingly, Stamped Concrete, Inc. is the sole remaining defendant in this action.

### III. SUMMARY OF FACTS

C. Pezza, a Rhode Island corporation, was a long time contributing employer in the Fund pursuant to collective bargaining agreements with Teamsters Local Union 251. Plaintiff's Statement of Facts Not in Dispute ("Facts"), ¶ 3. In 2002, Pezza became delinquent in the payment of its contributions, and a judgment was entered in the amount of $54,862.42 by this Court (C.A. No. 02cv11815 NG). Facts, ¶ 6. In an attempt to collect the delinquent contributions, Plaintiff has uncovered series of transfers of assets and employees between the corporations that were defendants in this action.

First, Leonard Pezza bought C. Pezza from his father in 1984 and became President of the company. Facts, ¶ 4. The company did site excavation and road contracting work for many years. Facts, ¶5. C. Pezza had a collective bargaining agreement with a Teamsters local union that required it to make contributions to the Plaintiff Fund. Facts, ¶ 3.

At some time around May of 2002, C. Pezza lost its workers' compensation insurance and simply transferred its employees to another corporation called Stamp Crete of Rhode Island. Facts, ¶ 10. Stamp Crete, operating from the same address as C. Pezza, was a previously formed corporation doing concrete driveways and sidewalks with a stamped concrete product. It in effect took over the work of C. Pezza. Stamp Crete was also owned and operated by Leonard Pezza. Facts, ¶ 8, 9. In 2003, an Amended Annual report was filed for Stamp Crete removing Loenard Pezza's family members as officers and replacing them with himself. Facts, ¶ 10.

Meanwhile in November of 2002, a judgment for the Plaintiff Fund was issued against Pezza. Facts, ¶ 6. At some point in 2003, C. Pezza was placed in receivership. Facts, ¶ 4.

Since C. Pezza employees were now being paid by Stamp Crete, the local union requested that Stamp Crete sign a collective bargaining agreement so that benefits could be paid to the employees. Facts, ¶ 11. In March of 2003, the Fund received a signed collective bargaining agreement, a signed request for participation in the Fund and a signed Trust Agreement from Teamsters Local 251 on behalf of "Stamprete" of Rhode Island. Facts, ¶ 11. The documents were dated May 2002. Mr. Pezza testified that all of the documents submitted to the Fund as "Stamprete" of Rhode Island were incorrect, that these should have been listed as Stamp Crete of Rhode Island. Facts, ¶ 11.

At some point in 2004, Stamp Crete was also placed in receivership. Facts, ¶ 12. Stamp Crete went into receivership for the problems with payroll taxes that it inherited from C. Pezza. Id.

In June 2003, prior to Stamp Crete's receivership, a new corporation emerged – Stamped Concrete. Defendant Stamped Concrete is located at 54 Irons Ave., according to its 2004 annual report. Facts, ¶ 13. Leonard Pezza was the incorporator, owner and sole officer holder of the company when it was formed. Id. It is performing the same work as Stamp Crete with a concrete based product. Facts, ¶ 16. The phone number is the same listed in Stamp Crete's 2003 Annual Report, before it was amended. Facts, ¶ 14. Plaintiff seeks to hold Stamped Concrete liable to the Fund as an alter ego or successor of C. Pezza and Stamp Crete. The facts are more fully set forth in the attached Statement of Facts Not in Dispute.

## IV.  ARGUMENT

A.  SUMMARY JUDGMENT STANDARD.

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Perez De La Cruz v. Crowley Towing and Transportation Co.,* 807 F.2d 1084, 106 (1st Cir. 1986), *cert. denied*, 487 U.S. 1050 (1987).

Material facts are those that have the potential to affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986); *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 713 (1st Cir. 1993). A genuine issue exists if the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Id. In other words, no genuine issue for trial exists where the record taken as a whole could not lead a rational trier of facts to find for the nonmoving party. *Matsushita Electric Industry Co. v. Zenith Radio Corp.,* 106 S.Ct. 1348 (1986).

After the moving party meets its burden, the nonmoving party bears the burden of placing at least one material fact into dispute after the movant offers evidence of the absence of a genuine issue. *Darr v. Muratore,* 8 F.3d 854, 859 (1st Cir. 1993).

B.    ALTER EGO/SUCCESSOR DOCTRINE.

The alter ego doctrine is meant to prevent employers from evading their obligations under labor laws and collective bargaining agreements by making a "mere technical change in the structure or identity of the employing entity . . . without any change in its ownership or management." *NLRB v. Hospital San Rafael, Inc.,* 42 F.3d 45, 51 (1st Cir. 1994)(citations omitted). Alter ego analysis is particularly common in the context of successor employers, where the successor is "merely a disguised continuance of the old employer." *C.E.K. Indus. Mechanical Contractors, Inc. v. NLRB*, 921 F.2d 350, 354 (1st Cir. 1990).

In determining whether a "non signatory" corporation is an alter ego of a signatory corporation for purposes of determining whether the non signatory is liable for payment of benefit contributions, the First Circuit has looked to a variety of factors including "continuity of ownership, similarity of the two companies in relation to management, business purpose, operation, equipment, customers, supervision, and anti-union animus." *Massachusetts Carpenters Central Collection Agency v. Belmont Concrete Corporation et al.* 139 F.3d 304, 308 (1st Cir. 1998). No single factor is controlling, and all need not be present to support a finding of alter ego status. *Hospital San Rafael*, 42 F.3 at 51. Continuity of ownership has been found to exist where the non-signatory and signatory companies are owned by the same family. *Belmont Construction, supra*, at 309. Underlying congressional policy behind ERISA clearly favors the disregard of the corporate entity in cases where employees are denied their pension benefits. *Belmont Concrete, supra*, at 308.

1. <u>It is Undisputed that Stamp Crete is the Alter Ego/Successor of C.Pezza</u>.

C. Pezza and Stamp Crete shared common officers, shareholders and employees. Stamp Crete was owned and operated by Leonard Pezza, and he made himself the sole officer of the company. Leonard Pezza was in control of the management and day-to-day operations of both corporations. The employees of C. Pezza were simply placed on the Stamp Crete payroll because C. Pezza was unable to obtain workers compensation insurance for its employees. Then Stamp Crete employees continued to perform work for which C. Pezza had contracted, and even used C. Pezza's equipment to do the work. The employees reported to the Fund for C. Pezza were the same employees reported to the Fund by Stamp Crete. When C. Pezza was placed in receivership in Rhode Island, Stamp Crete continued to operate performing work contracted by C. Pezza.

Thus, the factors showing alter ego status for Stamp Crete are easily met - "continuity of ownership, similarity of the two companies in relation to management, business purpose, operation, equipment, customers, supervision, and anti-union animus." *Belmont Concrete, supra*. As the alter ego or successor of C. Pezza, Stamp Crete is liable to the Fund. However, Stamp Crete filed for receivership in 2003, and a permanent receiver was appointed in June of 2004. Ironically, Stamp Crete went into receivership for the problems with payroll taxes that it inherited from C. Pezza.

  2. <u>Stamped Concrete is the Alter Ego/Successor of Stamp Crete</u>.

Around the same time that Stamp Crete went into receivership, Stamped Concrete was incorporated by Leonard Pezza. Stamped Concrete and Stamp Crete shared common officers, shareholders and employees. Leonard Pezza was the incorporator, owner and sole officer holder of the Stamped Concrete. Leonard Pezza was in control of the management and day-to-day operations of the company. Moreover, there is ample undisputed evidence in record to find that Stamped Concrete is merely a "disguised continuance" of Stamp Crete. *C.E.K Indus., supra.* There is a substantial similarity as to ownership, management, business purpose, operation, customers and supervision.

Stamped Concrete performed the same type of work as Stamp Crete – selling and installing concrete surfaces. Stamped Concrete operated at the same address and with the same phone number as Stamp Crete for a certain time period. Stamped Concrete operated in the same geographic area as Stamp Crete – Rhode Island and parts of Massachusetts. A salesman of Stamped Concrete signed and sent back remittance reports for Stamp Crete to the Fund. Company names, Stamp Crete and Stamped Concrete, are substantially identical – so much so that used the same pamphlets and advertising! Facts, ¶ 16. In his deposition, Leonard Pezza

seems to acknowledge successorship when he says after Stamp Crete's receivership he "took over and started it again under Stamped Concrete." Facts, ¶ 13.

As an alter ego or successor of Stamp Crete, Stamped Concrete is liable to the Fund. *See Crane v. Green & Freedman*, 134 F.3d 17, 26 (corporation held liable for debts of predecessor). By changing corporate names, C. Pezza has inequitably prevented the Fund from receiving what is due and owing to it. Just because C. Pezza changed corporate names twice, it should not be allowed to escape liability. Accordingly, summary judgment should be entered against Stamped Concrete for $54,862.42, the amount of the judgment in C. Pezza.

## V.  CONCLUSION

For all of the above reasons, Plaintiff submits that there are no material facts in dispute and respectfully requests that the Court grant its motion for judgment as a matter of law.

Dated:   March 27, 2006                Respectfully submitted,

                                       For the Plaintiff,
                                       CHARLES LANGONE, FUND MANAGER,
                                       By his Attorney,

                                       /S/ Renee J. Bushey
                                       Renee J. Bushey
                                       BBO #629444
                                       Catherine M. Campbell
                                       BBO #549397
                                       Feinberg, Campbell & Zack, P.C.
                                       177 Milk Street
                                       Boston, MA 02109
                                       (617) 338-1976

<u>Certificate of Service</u>

  I, Renee J. Bushey, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF).

Dated: March 27, 2006          /S/ Renee J. Bushey
                   Renee J. Bushey