Section 9. DEPOSIT AND WITHDRAWAL OF FUNDS. All monies received by the Trustees hereunder shall be deposited by them in such bank or banks as the Trustees may designate for that purpose and all withdrawals of monies from such account or accounts shall be made only by checks signed by the Trustees authorized in writing by the Trustees to sign such checks. Except as hereinafter provided, no check shall be valid unless signed by two persons of whom one shall be a Union Trustee and one an Employer Trustee.

The Employer Trustee shall designate in writing the name or names of any Employer Trustee who may sign checks in the above manner, and the Union Trustee shall likewise designate in writing the name or names of the Union Trustees who may sign checks in the above manner.

The Trustees may, in their discretion, designate and authorize an employee of the Fund to sign checks upon such separate and specific bank account or bank accounts as the Trustees may designate and establish for such purpose.

Section 10. SURETY BONDS. The Trustees and any employees of the Trustees who are empowered and authorized to sign checks as aforesaid shall be bonded by a duly authorized surety company in such amounts as may be determined from time to time by the Trustees. Each such employee employed by the Trustees who may be engaged in handling monies of the Trust Fund shall also be bonded by a duly authorized surety company in the same manner. The cost of the premium on such bonds shall be paid out of the Fund.

Section 11. REPORTS TO EMPLOYERS AND UNIONS. The Trustees may, in their discretion at any time and from time to time, but not less frequently than once each year, render written accounts of their transactions in such form as they deem appropriate and shall file the same with the Employers and Unions. Each such Employer and Union and the Employees and their beneficiaries involved shall be deemed to have approved any such account unless it or they shall file with the Trustees written objections thereto within sixty days after receipt of such account, and in the absence of such objection, the Trustees shall be released, relieved and discharged with respect to all matters and things set forth in such account as though the same had been settled by the decree of a court of competent jurisdiction.

## ARTICLE V
## CONTRIBUTIONS TO THE FUND

Section 1. RATE OF CONTRIBUTIONS. In order to effectuate the purposes hereof, each Employer shall contribute to the Fund the amount required by the Collective Bargaining Agreement between the Local Union and the Employer. The rate of contribution shall at all times be governed by the aforesaid Collective Bargaining Agreement then in force and effect, together with any amendments, supplements or modifications thereto. For this purpose, those Employees of Employers, as defined in Article I, Section 1, 2nd paragraph hereof, as amended, other than those who are covered by a collective bargaining agreement, shall have contributions paid on their behalf by said entities on account of their said full time salaried employees at the same rate as required for Employers subject to the applicable provisions of the New England Supplemental Freight Agreement.

Section 2. EFFECTIVE DATE OF CONTRIBUTIONS. All contributions shall be made as required by the Collective Bargaining Agreement and shall continue to be paid as long as the Employer is so obligated pursuant to the Collective Bargaining Agreement with the Local Union or until he ceases to be an Employer within the meaning of this Trust Agreement as hereinafter provided. In addition to all sums due to the Fund by an Employer under the terms of the applicable Collective Bargaining Agreement, as aforesaid, an Employer shall also be obligated to contribute to the Fund, all sums due as a result of a legal duty established and provided by applicable labor-management relations law, including 29 U.S.C. 158(a)(5).

Section 3. MODE OF PAYMENT. All contributions shall be payable to the Fund and shall be paid in the manner and form determined by the Trustees. The detailed basis of such payment is more specifically set forth in the Standard Form of Participation Agreement hereto attached as Appendix "A". The failure of a participating Employer to execute a Standard Form of Participation Agreement shall not excuse it from its obligations to the Fund, under its collective bargaining agreement or this Trust Agreement.

Section 4. DEFAULT IN PAYMENT. Nonpayment by an Employer of any contributions when due shall not relieve any other Employer of its obligation to make payments. In accordance with Sec. 502(g)(2) of Employee Retirement Income Security Act of 1974, as amended, the Trustees do establish the rate of interest to be paid by employers on delinquent contributions to be the rate prescribed under Sec. 6621 of the Internal Revenue Code of 1954; and further, liquidated damages shall be assessed in an amount of 20% of the amount of the delinquency, or such higher percentage as may be permitted under Federal or State law, plus reasonable attorneys' fees and costs of the action.

The Trustees may take any legal action necessary to enforce payment of the contributions due hereunder, including, but not limited to, proceedings at law and in equity.

Section 5. REPORT ON CONTRIBUTIONS. The Employers shall make remittance reports on contributions required by the Trustees. The Trustees may at any time have an audit made of the payroll and wage records of any Employer in connection with the said contributions and/or reports.

Section 6. PAYROLL AUDIT. The Trustees may audit an Employer's payroll and employment records regardless of whether at the time he is a current contributing Employer.

Section 7. REFUND OF CONTRIBUTIONS. Recognizing the need to protect the Fund from receipt of payment of contributions on behalf of ineligible persons, and also to protect the Fund from unjustified and detrimental delay by employers who are seeking refunds, it is hereby declared and determined that no refund of a contribution shall be made or considered unless application in writing has been received by the Fund office within one year after the payment of the contribution which is sought to be returned.

Nothing in this provision shall preclude the refund of contributions beyond said one year limitation should the Trustees determine that said contributions were paid in good faith and under a mistake of fact or law.

# ARTICLE VI
## PLAN OF BENEFITS

Section 1. BENEFITS. The Trustees shall have full authority and discretion to determine all questions of the nature, amount and duration of benefits to be provided based on what it is estimated that Fund can provide without undue depletion or excessive accumulation, provided, however, that no benefits other than pension or retirement benefits may be provided for or paid under this Trust Agreement.

Section 2. RECIPIENTS OF BENEFITS. Benefits may be provided in accordance with Section 1 of this Article for any Employee (or his beneficiaries or dependents) of a contributing Employer covered by a Collective Bargaining Agreement between the Employer and the Local Union or any other document requiring contributions to the Fund;

Section 3. ELIGIBILITY REQUIREMENTS FOR BENEFITS. The Trustees shall have full discretionary authority to determine and interpret eligibility requirements for benefits and to adopt rules and regulations setting forth same which shall be binding on the employees and their beneficiaries and dependents.

Section 4. METHOD OF PROVIDING BENEFITS. The benefits shall be provided and maintained by such means as the Trustees shall in their sole discretion determine.

Section 5. WRITTEN PLAN OF BENEFITS. The detailed basis on which payment of benefits is to be made pursuant to this Trust Agreement shall be specified in writing by appropriate action of the Trustees subject, however, to such changes or modifications as the Trustees from time to time in their discretion may determine. All such changes or modifications shall similarly be specified in writing by appropriate resolution of the Trustees.

Section 6. APPROVAL OF PLAN. The Pension Plan adopted by the Trustees shall be such as will qualify for approval by the Internal Revenue Service, U.S. Treasury Department, and will continue as a qualified plan, so as to insure that the employer contributions to the Pension Fund are proper deductions for income tax purposes. The Trustees are authorized to take any action and take whatever applications are necessary to the Internal Revenue Service in order to receive and maintain approval of the Pension Plan as a qualified plan.

Section 7. EMPLOYER'S LIABILITY. The financial liability of a contributing employer to the Fund shall be determined by the applicable collective bargaining agreement and the terms and provisions of all applicable laws including the Employee Retirement Income Security Act of 1974 and the Multiemployer Pension Plan Amendments Act of 1980, as amended.

# ARTICLE VII
## MEETINGS AND DECISIONS OF TRUSTEES

Section 1. OFFICERS OF TRUSTEES. The Trustees shall meet as promptly as possible after the execution of this Trust Agreement and the Employer and Union Trustees shall each elect a Chairman for their group who shall serve as Co-Chairmen for the Fund. The Co-Chairmen shall continue in office until replaced by the Employer or Union Trustees, respectively.

Section 2. MEETINGS OF TRUSTEES. Meetings of the Trustees shall be held at such place or places as may be determined by either Co-Chairman and may be called by either Co-Chairman upon ten (10) days' written notice to the other Trustees and may be held at any time without such notice if all the Trustees consent thereto in writing. Meetings shall be held at least annually.

Section 3. ACTION BY TRUSTEES WITHOUT MEETING. Action by the Trustees may also be taken by them in writing without a meeting, provided, however, that in such cases there shall be unanimous written concurrence by all of the Trustees.

Section 4. QUORUM.

(a) In all meetings of the Trustees, three (3) Employer Trustees and three (3) Union Trustees shall constitute a quorum for the transacting of business. In the event one of the Trustees of a group is absent, then the remaining three Trustees of that group shall each have 1 1/3 votes.

(b) Should there fail to be a quorum at a duly called meeting of the Trustees, then the action taken at said meeting may only be validated and affirmed if said action in its entirety is approved by those Trustees in attendance and thereafter in writing is approved by all of the absent Trustees on or before the next regular meeting.

Section 5. MAJORITY VOTE OF TRUSTEES. All action by the Trustees shall be by majority decision of the Employer and Union Trustees. Such majority vote shall govern not only this Article but any portion of this Agreement and Declaration of Trust which refers to action by the Trustees. In the event any matter presented for decision cannot be decided because of a tie vote or because of the lack of a quorum at two consecutive meetings, the matter may then be submitted to arbitration as hereinafter provided.

Section 6. MINUTES OF MEETINGS. The Trustees shall keep minutes of all meetings but such minutes need not be verbatim. Copies of the minutes shall be sent to all Trustees.

## ARTICLE VIII
## IMPARTIAL ARBITRATOR

Section 1. APPLICATION OF THIS ARTICLE. Either the Employer or Union Trustees may apply to a district judge in the federal district court in the area in which the Fund maintains as its situs for the designation of an arbitrator who will decide any disputes among the Trustees or any other matter submitted to arbitration in accordance with the provisions of Article VII, Section 3. The decisions of the arbitrator shall be final and binding.

Section 2. EXPENSES OF ARBITRATION. The cost and expense incidental to any arbitration proceeding, including the fee, if any, of the impartial arbitrator, shall be proper charge against the Fund and the Trustees are authorized to pay such charges.

## ARTICLE IX
## EXECUTION OF TRUST AGREEMENT

Section 1. COUNTERPARTS. This Trust Agreement may be executed in one or more counterparts. The signature of a party on any counterpart shall be sufficient evidence of his execution thereof.

Section 2. WRITTEN INSTRUMENTS. An Employer may adopt and become a party of this Trust Agreement by executing a counterpart hereof or by executing any other written instrument where he agrees to participate in the Fund pursuant to the terms of this Trust Agreement.

## ARTICLE X
## AMENDMENT TO TRUST AGREEMENT

Section 1. AMENDMENT BY TRUSTEES. This Trust Agreement may be amended by affirmative votes of at least three Union Trustees and three Employer Trustees in any respect from time to time by the Trustees, provided that each amendment shall be duly executed in writing by the Trustees and annexed hereto. As to any amendment, the Trustees in their sole discretion shall have full power to fix the effective date thereof. Notice of the proposed amendment shall be given at the time the notice of meeting is given, unless waived by all Trustees.

Section 2. LIMITATION OF RIGHT TO AMENDMENT. No amendment may be adopted which will be in conflict with a Collective Bargaining Agreement with Local Unions or be contrary to the laws governing trust funds of this nature.

Section 3. NOTIFICATION OF AMENDMENT. Whenever an amendment is adopted in accordance with this Article, a copy thereof shall be distributed to all Trustees, and the Trustees shall notify all necessary parties and shall execute any instruments if necessary in connection therewith.

## ARTICLE XI
## TERMINATION OF TRUST

Section 1. BY THE TRUSTEES. This Agreement and Declaration of Trust may be terminated by an instrument in writing executed by all the Trustees when there is no longer in force and effect a Collective Bargaining Agreement between any Employer and any Local Union requiring contributions to the Fund.

Section 2. PROCEDURE ON TERMINATION. In the event of the termination of this Agreement and Declaration of Trust, the Trustees shall apply the Fund to pay or to provide for the payment of any and all obligations of the Fund and shall distribute and apply any remaining surplus in such manner as will in their opinion best effectuate the purpose of the Fund; provided, however, that no part of the corpus or income of said Fund shall be used for or diverted to purposes other than for the exclusive benefit of the employees, their families, beneficiaries, or dependents, or the administrative expenses of the Fund or for other payments in accordance with the provisions of the Fund. Under no circumstances shall any portion of the corpus or income of the Fund, directly or indirectly, revert or accrue to the benefit of any contributing Employer or Local Union.

Section 3. NOTIFICATION OF TERMINATION. Upon termination of the Fund in accordance with this Article, the Trustees shall forthwith notify each Local Union and each Employer and also all other necessary parties, and the Trustees shall continue as Trustees for the purpose of winding up the affairs of the Trust. The Trustees shall also give such notice as is lawfully required by them, including notice to the Pension Benefit Guaranty Corporation and any other notice required by the Employee Retirement Income Security Act of 1974, as amended.

## ARTICLE XII
## MISCELLANEOUS PROVISIONS

Section 1. TERMINATION OF INDIVIDUAL EMPLOYERS. An Employer shall cease to be an Employer within the meaning of this Trust Agreement when it is no longer obligated, pursuant to a Collective Bargaining Agreement with a Local Union, to make contributions to the Fund, or, as determined in the sole discretion of the Trustees, when he is delinquent in his contributions or reports to the Fund.

Section 2. VESTED RIGHTS. No employee or any person claiming by or through such employee, including his family, dependents, beneficiary and/or legal representative, shall have any right, title or interest in or to the Fund or any property of the Fund or any part thereof except as may be specifically determined by the Trustees.

Section 3. ENCUMBRANCE OF BENEFITS. No monies, property or equity, of any nature whatsoever, in the Fund, or policies or benefits or monies payable therefrom, shall be subject in any manner by any Employee or person claiming through such employee to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, garnishment, mortgage, lien or charge, and any attempts to cause the same to be subject thereto shall be null and void.

Section 4. SITUS. All questions pertaining to validity, construction and administration shall be determined in accordance with the laws of the Commonwealth of Massachusetts.

Section 5. CONSTRUCTION OF TERMS. Wherever any words are used in this Agreement and Declaration of Trust in the masculine gender, they shall be construed as though they were also in the feminine or neuter gender in all situations where they would so apply, and wherever any words are used in this Agreement and Declaration of Trust in the singular form, they shall be construed as though they were also used in the plural form in all situations where they would so apply, and wherever any words are used in this Agreement and Declaration of Trust in the plural form, they shall be construed as though they were also used in the singular form in all situations where they would so apply.

Section 6. CERTIFICATION OF TRUSTEES' ACTIONS. The Co-Chairmen may execute any certificate or document jointly on behalf of the Trustees and such execution shall be deemed execution by all the Trustees. All persons having dealings with the Fund or with the Trustees shall be fully protected in reliance placed on such duly executed document.

Section 7. NOTIFICATION TO TRUSTEES. Each Trustee shall notify the Fund Manager and the Co-Chairmen of his home and business address and telephone numbers. Any changes of said addresses and numbers shall be effected by written notice from the Trustee to the Fund Manager and Co-Chairmen.

Section 8. SEVERABILITY. Should any provision in this Trust Agreement or in the Plan or rules and regulations adopted thereunder or in any collective bargaining agreement be deemed or held to be unlawful or invalid for any reason, such fact shall adversely affect the provisions herein and therein contained unless such illegality shall make impossible or impractical the functioning of the Trust and the Plan, and in such case the appropriate parties shall immediately adopt a new provision to take the place of the illegal or invalid provision.

Section 9. TRANSFER OF FUNDS. If any employee or group of employees or all employees represented by one or more Local Unions shall cease to be covered by the Fund for any reason whatsoever, they shall not be entitled to receive any assets of the Fund or portion thereof, nor shall the Trustees be authorized to make any transfer of assets on behalf of such employees, except and to the extent as they may be so required under any applicable law of the United States.

Section 10. TRUSTEES' COMPLIANCE WITH LAW. The Trustees shall manage the assets of the Trust and conduct the business of the Fund in accordance with the Employee Retirement Income Security Act of 1974, as amended. It is the express intention of the Trustees that this Agreement and Declaration of Trust be applied and interpreted so as to be in full compliance with all applicable provisions of law, including the Employee Retirement Income Security Act of 1974, as amended.

IN WITNESS WHEREOF, the undersigned duly appointed Trustees do cause this Restated Agreement and Declaration of Trust to be approved, executed and effective this 26th day of January, 1994.

| UNION TRUSTEES | EMPLOYER TRUSTEES |
|---|---|
| Francis B. Tusino, Co-Chairman | J. Leo Barry, Co-Chairman |
| David W. Laselnan | John J. McCarthy, Jr. |
| Paul V. Walsh | John R. West |
| Anthony S. Buonopane | William M. Vaughan, III |

APPENDIX "A"
STANDARD PARTICIPATION AGREEMENT

1. *The undersigned Employer and Local Union certify that the following provision is a part of their collective bargaining agreement regarding pension or retirement benefits and contributions for all employees performing work within the scope of and/or covered by the collective bargaining agreement between Employer and the Local Union, and in the event of any conflict between these provisions and other provisions of such collective bargaining agreement, the terms and conditions set forth below shall prevail with respect to pension contributions and coverage:*

## PENSIONS

(a) This Pension Article shall supersede and prevail over any other inconsistent provisions or articles contained within this agreement or the parties' collective bargaining agreement.

(b) Commencing with the _____ day of _____, 19 ____, and for the duration of the current collective bargaining agreement between Local Union _____ and the Employer, and any renewals or extensions thereof, the Employer agrees to make payments to the New England Teamsters and Trucking Industry Pension Fund for each and every employee performing work within the scope of and/or covered by this collective bargaining agreement, whether such employee is a regular, probationary, temporary or casual employee, irrespective of his status as a member or non-member of the Local Union, from the first hour of employment subject to this collective bargaining agreement, as follows:

For each hour or portion thereof, figured to the nearest quarter hour, for which an employee receives pay or for which pay is due, the Employer shall make a contribution of $_____ to the New England Teamsters and Trucking Industry Pension Fund but not more than $_____ per week for any one employee from the first hour of employment in such week.

Commencing with the _____ day of _____, 19 ____, the said hourly contribution rate shall be $_____ but not more than $_____ per week for any one employee, and commencing with the _____ day of _____, 19 ____, the said hourly contribution shall be $_____ but not more than $_____ per week for any one employee.

For the purposes of this section, each hour for which wages are paid or due, or any portion thereof, figured to the nearest quarter hour, as well as hours of paid vacation, paid holidays and other hours for which pay is due or received by the employee, shall be counted as hours for which contributions are payable. In computing the maximum amount due any week, there shall be no daily limit on the number of hours for any one day in such week, whether such hours are performed on straight time or overtime rates, but payments shall be made at the amount set forth above.

If a regular employee (as defined in the collective bargaining agreement) is absent because of illness or off-the-job injury and notifies the Employer of such absence, the Employer shall continue to make the required contributions for a period of four (4) weeks, for forty (40) hours per week. If an employee is injured on the job, the Employer shall continue to pay the required contributions at a rate of forty (40) hours for each such week until the employee returns to work; however, such contributions of forty (40) hours shall not be paid for a period of more than twelve (12) months.

(c) The Employer agrees to and has executed a copy of the New England Teamsters and Trucking Industry Pension Fund *Agreement and Declaration of Trust originally dated April 11, 1958* and accepts such Agreement and Declaration of Trust, as restated and amended, and ratifies the selection of the Employer Trustees now or hereafter serving as such, and all action heretofore or hereafter taken by them within the scope of their authority under such Agreement and Declaration of Trust.

(d) The parties agree that the Pension Plan adopted by the Trustees of the New England Teamsters and Trucking Industry Pension Fund shall at all times conform to the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat its contributions made to the Fund as a deduction for income tax purposes.

(e) It is also agreed that all contributions shall be made at such time and in such manner as the Trustees shall reasonably require, and the Trustees shall have the authority to have an audit of the payroll and wage records of the Employer for all employees performing work within the scope and/or covered by this collective bargaining agreement for the purpose of determining the accuracy of contributions to the Pension Fund and adherence to the requirements of this section of the collective bargaining agreement regarding coverage and contributions. Such audit may, at the option of the Trustees, be conducted by an accountant employed by the New England Teamsters and Trucking Industry Pension Fund.

If the Employer shall fail to make contributions to the Pension Fund by the twentieth (20th) day of the month following the month during which the employees performed work or received pay or were due pay within the scope of this collective bargaining agreement, up to and including the last completed payroll period in the month for which contributions must be paid, or if the Employer, having been notified that its contributions to the Fund have been under reported and/or underpaid, fails within twenty (20) days after such notification to make any required self-audit and/or contributions found to be due, the Local Union shall have the right after an appropriate 72-hour notice to the Employer, to take whatever steps it deems necessary to secure compliance with this agreement, any provision of this collective bargaining agreement to the contrary notwithstanding, and the Employer shall be responsible to the employees for losses resulting therefrom. Also, the Employer shall be liable to the Trustees for all costs of collecting the payments due together with attorneys' fees and such interest, liquidated damages or penalties which the Trustees may assess or establish at their discretion. The Employer's liability for payment hereunder shall not be subject to the grievance procedure and/or arbitration if such is provided in the collective bargaining agreement.

It is understood and agreed that once a payment or payments are referred to an attorney for collection by the Trustees of the New England Teamsters and Trucking Industry Pension Fund and/or the Local Union, the Local Union and its business agents or chief executive officer shall have no right to modify, reduce or forgive the Employer with respect to its liability for unpaid contributions, interest, liquidated damages or penalty as may be established or assessed by the Trustees in their discretion against delinquent Employers.

(f) No oral or written modification of this section regarding pensions and retirement shall be made by the Local Union or the Employer, and, if made, such modification shall not be binding upon the employees performing work within the scope of this collective bargaining agreement and covered by this section or upon the Trustees of the New England Teamsters and Trucking Industry Pension Fund.

APPENDIX "A" cont.

2. The parties agree that this Standard Participation Agreement shall be considered a part of the collective bargaining agreement between the *Local Union* and the *Employer*, and that no other agreement between the Employer and Local Union regarding pensions or retirement is in effect or will be effective during the period covered by the collective bargaining agreement.

3. The expiration date of the present collective bargaining agreement between the Employer and the Local Union is _____, 19 ____. Copies of any renewal or extension agreements shall be furnished promptly to the Pension Fund, and if not consistent with the Standard Participation Agreement and/or Mandatory Contract Language or both as required by the Trustees, such non-conformity may be used by the Trustees as a basis for the termination of the participation of the Employer as a contributing employer to the Fund.

FOR THE LOCAL UNION:

_Teamsters Local 317_
Name & Number

By: _Joseph J. Burns_

FOR THE EMPLOYER:

_Strauss-TC of R.I. I._
Name of Employer

By: _[signature]_ Supt.
Its duly authorized Agent

For: _YS Press Av Johnst R_
(Location of Terminal)

PARTICIPATING UNIONS AND EMPLOYERS
ACCEPTANCE OF RESTATED AGREEMENT
AND DECLARATION OF TRUST

Whereas the Board of Trustees of the New England Teamsters and Trucking Industry Pension Fund have caused to be approved and executed a Restated Agreement and Declaration of Trust, effective as of _____, 19____, the below signed Participating Union or Employer, as the case may be, having read said foregoing Restated Trust, does hereby approve and accept said Restated Trust and does acknowledge same by the execution of this Acceptance.

_____
(Name of Participating Union or Employer)

By: _____ SVP
(Authorized Officer and Title)

_____
(Street Address)

_____
(City, State, Zip Code)

_____
(Telephone Number)

_____
(Date)

RECEIVED

MAR - 7 2003   NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND

PENSION FUND   REQUEST FOR PARTICIPATION

This form is to be completed and executed by both the Local Union and the Employer when a new Employer is proposed for participation in the New England Teamsters & Trucking Industry Pension Fund and also as required by the Board of Trustees when a Local Union and a Participating Employer add an additional bargaining unit, etc. (See also Trustees' Required Documents.)

Part I    - is to be completed by Local Union,

Part II   - is to be completed by Employer, and

Part III  - is to be signed on behalf of Local Union and Employer.

## PART I

FROM TEAMSTERS LOCAL UNION _317_

DATE _5-21-_ _19 2002_

1. Application is hereby made for acceptance of the following Employer as "Contributing Employer" to the New England Teamsters & Trucking Industry Pension Fund, under our _Collective Bargaining Agreement_ contract. This contract covers approximately _____ employees in the following job classifications:

   a) _Teamsters_

   b) _____

   c) _____

2. Name of Company: _Stamp Rite of RI Inc._
   Mailing Address: _45 _____ Dr._
   City and State: _Johnston, RI 02919_

   For following locations:

DEPOSITION EXHIBIT #9

-2-

3. The Employer is a party to the attached Collective Bargaining Agreement. (Be sure to attach a copy of the Collective Bargaining Agreement which is currently in effect with the Employer covered by this application.)

4. Did you have a Collective Bargaining Agreement with this employer prior to the effective date of the current agreement?

   YES [ ]    NO [✓]

   If yes, what period did the agreement cover?

   From _____ to _____
        Mo.    Day    Year          Mo.    Day    Year

5. Attached is the Data Sheet with the required information concerning the age and length of service of each employee of the said Employer who is covered by the attached Collective Bargaining Agreement.

6. Also enclosed are completed Census Cards for all employees covered by the Agreement.

PART II

(Attach Statement of Ownership)

PART III

The Local Union and Employer hereby apply for acceptance of the described Employer as a Participating Employer and the described employees as Covered Employees of the New England Teamsters & Trucking Industry Pension Fund. The Employer agrees to sign and become a party to the Agreement and Declaration of Trust establishing the Pension Fund dated April 11, 1958 and as thereafter amended.

Dated _____        Dated  5-28-02

Submitted on behalf of Teamsters      Submitted on behalf of

Local Union 251                       _____
                                      (Company)
By _____              By _____
Title  B.A.                           Title



DEPOSITION EXHIBIT

NEW ENGLAND TEAMSTERS & TRUCKING INDUSTRY PENSION FUND

Employer Statement of Ownership

Each Employer must complete this statement as part of the submission of the Request for Participation. The completed form must be signed by an authorized person on behalf of the Employer.

1. Name of Company _Gampress of Rel Air_

    Address of Principal Office _45 Tiffin Av_
    _Teaneck NJ_

2. Form of business: (corporation) partnership, individual proprietor
    _Corporation_

3. If a corporation, show state and date of incorporation.
    _1999_

4. Is the corporation publicly owned?   YES ☐   NO ☑

5. Are there employees in the bargaining unit for whom contributions will be paid who are owners of the company?
    YES ☐   NO ☑

    If yes, list such employees:

    | Name | Job Category | Percentage Ownership |
    |------|--------------|----------------------|
    |      |              |                      |
    |      |              |                      |

6. Are you presently contributing to this Pension Fund for another unit of employees?
    YES ☐   NO ☑

    If yes, describe unit and show Local Union:

    | Name | Address | Local Union |
    |------|---------|-------------|
    |      |         |             |
    |      |         |             |