04-146 TCP:SH 8/23/05

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CHARLES LANGONE, AS FUND MANAGER OF
THE NEW ENGLAND TEAMSTERS AND
TRUCKING INDUSTRY PENSION FUND

VS.                                                                 C.A. NO. 04-11125 NG

STAMPRETE OF RHODE ISLAND, STAMP
CRETE OF RHODE ISLAND, INC. AND
STAMPED CONCRETE, INC.

RESPONSES OF STAMPED CONCRETE, INC.
TO PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION

1. State the full name, home address, position or title, duties and length of association or affiliation with Defendant of the person signing interrogatory answers.

ANSWER: Leonard A. Pezza, 11 Winsor Avenue, Johnston, Rhode Island. I held all the offices when the corporation was formed in June 2003.

2. Produce federal and state tax returns including all attachments and schedules from 1999 to date.

ANSWER: The 2003 and 2004 returns are being produced.

3. Produce any and all of Defendant's financial statements, audited or unaudited from the inception of the corporation to date.

ANSWER: None.

4. Produce Articles of Incorporation, corporate minutes, bylaws and all filings made with the Secretary of State of Connecticut from the inception of the corporation to date.

ANSWER: Attached are copies of the Articles of Incorporation and By Laws. Objection to remainder. Immaterial.

5. Identify by the name, address and job description of each of Defendant's employees, supervisors and managers from the inception of the corporation to date.

ANSWER: Objection. Too broad. Irrelevant.. Without waiving the objection, myself;
Michael Pezza,, 10 Leonard Drive, Harrisville, Rhode Island 02830
Cynthia Mansolillo, 51 Summit Drive, Cranston, Rhode Island 02920
Cheryl Greco, 110 Western Lane, Warwick, Rhode Island 02889

I do not know the street addresses of the following:
Brian LeClair, Coventry, Rhode Island
Antonio Lopes, Pawtucket, Rhode Island
Dennis Isom, Providence, Rhode Island
Mark Gauvin, Pawtucket, Rhode Island
Matt Johnson, Pascoag, Rhode Island
Edward Viera and Daniel Canales

6. Identify the name and address all customers, jobs and/or projects performed by Defendant from the date of inception of the corporation to date including in your answer the dates of all jobs and/or projects.

ANSWER: (a) Diamond Hill Self Storage, LLC, 1700 Diamond Hill Road, Woonsocket, Rhode Island (b) The remaining jobs are generally small residential concrete installation projects. The listing of the names and addresses of all the customers would be burdensome and irrelevant.

7. Produce Defendant's general ledger or other records indicating all accounts payable and receivable from the inception of the corporation to date.

ANSWER: Objection. Irrelevant. Privileged. Without waiving the objection, these are generally no receivables because the jobs are paid on completion. There is a balance owed by Diamond Hill Self Storage, LLC.

There are payables during the construction season. These generally are A. H. Harris. Stampcrete International, various concrete suppliers and several equipment rental companies.

8. Identify all loans, gifts or other distributions including salaries paid by Defendant to its officers, directors and shareholders, owners and family members of the same including dates, amounts and repayment of such transactions from the inception of the corporation to date.

ANSWER: A loan was made by me. I have not received a salary. Michael Pezza has now received earnings. Cynthia Mansolillo and Cheryl Greco received salaries until November 2004.

9. Produce all documents relating to the foregoing interrogatory.

ANSWER: Objection. Irrelevant.

10. Describe Defendant's financial and/or business relationship to C. Pezza & Son, Inc., including but not limited to a common place of business, common employees, common payroll services, common accounting and/or bookkeeping services, common bank accounts, common use of utilities including phone, fax and leases of commercial space and equipment.

ANSWER: C. Pezza & Son, Inc., has been in receivership, and it had stopped doing business prior to the corporation being formed.

11. Produce all documents relating to the foregoing interrogatory.

ANSWER: The order appointed the temporary receiver for C. Pezza & Son, Inc., and the Articles of Incorporation for Stamped Concrete, Inc., are being produced..

12. Describe Defendant's financial or business relationship to Stamprete of Rhode Island, Inc. including but not limited to a common place of business, common employees, common payroll services, common accounting and/or bookkeeping services, common bank accounts, common use of utilities including phone, fax and leases of commercial space and equipment.

ANSWER: None.

13. Produce all documents relating to the foregoing interrogatory.

ANSWER: Not applicable.

14. Describe Defendant's financial or business relationship to Stamp Crete of Rhode Island, Inc., including but not limited to a common place of business, common employees, common payroll services, common accounting and/or bookkeeping services, common bank accounts, common use of utilities including phone, fax and leases of commercial space and equipment.

ANSWER: I was an employee of both and as best I remember, Cheryl Greco, Cynthia Mansolillo and Brian LeClair were employees. Stamp-Concrete, Inc., does in part the businesss formerly conducted by Stamp Crete of Rhode Island, Inc., that is the general small residential concrete installation work. Bookkeeping and accounting and payroll were separate. Stamp Crete of Rhode Island, Inc., went into receivership and stopped performing work. Further information would best be provided by deposition.

15. Produce all documents relating to the foregoing interrogatory.

ANSWER: Not applicable.

16. Describe Defendant's financial or business relationship to Pezza Equipment Corporation including but not limited to a common place of business, common employees, common payroll services, common accounting and/or bookkeeping services, common bank accounts, common use of utilities including phone, fax and leases of commercial space and equipment.

ANSWER: None.

17. Produce all documents relating to the foregoing interrogatory.

ANSWER: Not applicable.

18. Describe Defendant's financial or business relationship to LCP Corporation including but not limited to a common place of business, common employees, common payroll services, common accounting and/or bookkeeping services, common bank accounts, common use of utilities including phone, fax and leases of commercial space and equipment.

ANSWER: None.

19. Produce all documents relating to the foregoing interrogatory.

ANSWER: Not applicable.

20. Produce all documents identify all vehicles and equipment owned, leased or otherwise used by Defendant from the inception of the corporation to date.

ANSWER: Objection. Too broad. Irrelevant. Without waiving the objection, a truck and concrete stamping equipment. The remaining equipment was generally obtained on a short term rental.

21. Produce any and all contracts or agreements of any sort between Defendant and any of the following entities: C. Pezza and Sons, Inc., Stamprete of Rhode Island, Inc., Pezza Equipment, Inc., Stamp Crete of Rhode Island, Inc. and LCP Corporation.

ANSWER: Not applicable.

22. Identify, by name, position and address, each witness you will call to testify in this proceeding and further identify those witnesses, if any, who will be called as expert witnesses.

ANSWER: Objection. Improper. Without waiving the objection, at this time, myself. A decision has not yet been made as to experts.

23. With respect to the individuals identified in your answer to Interrogatory No. 14, state the facts and, in the case of expert witnesses, the opinions to which each witness will testify.

ANSWER: It is assumed this interrogatory refers to Interrogatory No. 22, not 14. Objection. Privileged. Without waiving the objection, the pertinent information will be provided in the pretrial memo.

STAMPED CONCRETE, INC.

By: _____
Leonard A. Pezza

Subscribed and sworn to before me under penalty of perjury this 23rd day of August, 2005.

As To Objections                      Bruce E. Thompson

to   Catherine M. Campbell, Esq.
     Feinberg, Campbell & Zack
     177 Milk Street, Suite 300
     Boston, MA  02109

## CERTIFICATION

I hereby certify that I mailed a copy of the within to counsel of record, as above.

Dated:  8/24/05                          [signature]